# EXHIBIT B

# STATE OF NEW YORK
## SUPREME COURT: COUNTY OF MONROE

---

KYLE BAKER
618 Hills Pond Road
Webster, New York 14580

              Plaintiff,

vs.

LOWE'S HOME IMPROVEMENT
a/k/a LOWE'S COMPANIES, INC.
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

              Defendant

---

Plaintiff designates Monroe
County as the place of Trial

**SUMMONS**

Index No.

**TO THE ABOVE NAMED DEFENDANT:**

**YOU AR HEREBY SUMMONED,** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: 01/05/2022

              THE LAW OFFICES OF KENNETH HILLER, PLLC
By: *[signature]*
              _____
              NICHOLAS DI VIRGILIO, ESQ.
              Attorney for Plaintiff
              6000 N. Bailey Avenue, Suite 1A
              Amherst, New York 14226
              (716) 564-3288
              ndivirgilio@kennethhiller.com

kyleSTATE OF NEW YORK
SUPREME COURT: COUNTY OF MONROE

---

KYLE BAKER
618 Hills Pond Road
Webster, New York 14580

    Plaintiff,

vs.

LOWE'S HOME IMPROVEMENT
a/k/a LOWE'S COMPANIES, INC.
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

    Defendant.

---

**COMPLAINT**

Index No.

Plaintiff, above named, by his attorney, Law Offices of Kenneth Hiller, PLLC, for his complaint against the Defendant alleges:

### AND AS FOR A FIRST CAUSE OF ACTION AGAINST THE DEEFNDANT, THE PLAINTIFF, KYLE BAKER, ALLEGES:

1. At all times herein, Plaintiff, Kyle Baker, was and is a resident of 618 Hills Pond Road, Webster County of Monroe, and State of New York.

2. Upon information and belief, at all times hereinafter mentioned, the Defendant, Lowe's Home Improvement a/k/a Lowe's Companies, Inc. (hereinafter "LOWE'S"), was and still is a foreign business corporation authorized to do business within the State of New York.

3. Upon information and belief, on or about the 28th day of May, 2021, Plaintiff, Kyle Baker, while lawfully and properly a customer at a Lowe's Home Improvement store, owned and operated by LOWE'S HOME IMPROVEMENT a/k/a LOWE'S COMPANIES, INC., and located at 900 Five Mile Line Road, Webster, New York 14580, was caused to sustain

personal injuries when an axe without a protective cover slipped through his hand and lacerated the extensor tendon of his left middle finger.

4. Upon information and belief, the incident hereinbefore described and the resultant injuries were caused as a result of the negligent, careless, reckless and/or unlawful conduct on the part of the Defendant, LOWE'S, by their agents, servants and/or employees in the ownership, operation, maintenance, management, construction, control and design of the aforesaid axes to be used when such was in an unsafe, dangerous, hazardous and defective condition, and in allowing and permitting it to be and remain in such condition, without warning Plaintiff and others of its existence.

5. Upon information and belief, the aforesaid axes and the dangerous and hazardous condition created thereby existed for a sufficient length of time to give both actual and constructive notice to the Defendant, including notice by reasonable inspection.

6. Upon information and belief, Defendant, LOWE'S, affirmatively created the dangerous and hazardous conditions complained of herein.

7. As a result of the alleged incident, the Plaintiff, Kyle Baker, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defect; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to and did incur great medical expenses and may incur further medical expense; was caused to be incapacitated from his usual activities and may be further incapacitated.

8. This action falls within one or more of the exceptions set forth in CPLR §1602.

9. As a result of the foregoing, the Plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, the Plaintiff demands judgment against the Defendant in the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED: 01/05/2022

          THE LAW OFFICES OF KENNETH HILLER, PLLC

By: _____
NICHOLAS DI VIRGILIO, ESQ.
Attorney for Plaintiff
6000 N. Bailey Avenue, Suite 1A
Amherst, New York 14226
(716) 564-3288
ndivirgilio@kennethhiller.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF MONROE

KYLE BAKER,

                              Plaintiff,                **ANSWER**

v.

                                                    Index No.: E2022000117

LOWE'S HOME IMPROVEMENT a/k/a
LOWE'S COMPANIES, INC.,

                              Defendant.

       Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Improvement a/k/a Lowe's Companies, Inc.") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Answer to the plaintiff's Complaint, responds as follows:

       1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint.

       2.      Lowe's denies the allegations contained in paragraph 2 of the Complaint.

       3.      In response to paragraph 3 of the Complaint, Lowe's admits only that Lowe's Home Centers, LLC operated a retail home improvement store on the premises located at 900 Five Mile Road, Webster, New York 14580, and denies any remaining allegations contained in paragraph 3 of the Complaint.

       4.      Lowe's denies the allegations contained in paragraph 4 of the Complaint.

       5.      Lowe's denies the allegations contained in paragraph 5 of the Complaint.

       6.      Lowe's denies the allegations contained in paragraph 6 of the Complaint.

       7.      Lowe's denies the allegations contained in paragraph 7 of the Complaint.

       8.      Lowe's denies the allegations contained in paragraph 8 of the Complaint.

       9.      Lowe's denies the allegations contained in paragraph 9 of the Complaint.

       10.     Lowe's denies each and every other allegation of the Complaint not previously specifically admitted, denied, or otherwise controverted.

1

32236425.v1

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

11. The injuries and/or damages alleged in the Complaint were caused in whole or in part by the culpable conduct on the part of the plaintiff, and without negligence or fault on the part of Lowe's.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

12. If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

13. The Complaint fails to state a cause of action against Lowe's.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

14. The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within Lowe's control.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

15. That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off of collateral source payments.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

16. Plaintiff failed to mitigate his alleged damages.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

17. The incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

18. Plaintiff assumed the risk of the incident and any resulting injuries.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

19. If the plaintiff seeks to recover a verdict or judgment against Lowe's, then any verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

20. Lowe's did not receive requisite notice of any alleged dangerous, defective, or hazardous conditions set forth in plaintiff's Complaint.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

21. Plaintiff's conduct was the sole proximate cause of the incident.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

22. Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

23. Any risks and dangers at the time, place, and location set forth in the Complaint were open, obvious, and apparent.

### AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

24. Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the plaintiff.

### AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

25. There may be documentary evidence exists which establishes a complete defense.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

26. The incident giving rise to this action and the alleged injuries were proximately caused by products that were not designed, manufactured, engineered, assembled, inspected, packaged, and/or supplied by Lowe's.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

27. To the extent that any substantial changes, alterations, and modifications were made to any product that caused or contributed to the alleged injuries and damages, such were brought about by the acts and omissions of other parties after the products left the care, custody and control of Lowe's and, therefore, Lowe's is not legally responsible.

### AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

28. Plaintiff's alleged injuries or damages, if any, were the result of an independent, intervening, and superseding cause or event, and/or an act or omission on the part of one or more

persons or entities over whom Lowe's had no control, with whom Lowe's had no legal relationship, and whose acts or omissions Lowe's had no reason to anticipate.

### AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29. Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discover all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

    a.    Dismissing the Complaint, or

    b.    Reducing plaintiffs' recovery in the proportion to which the plaintiff's culpable conduct caused the alleged damages;

    c.    Limiting plaintiffs' recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than 51%; and

    d.    Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
       January 26, 2022

                            GOLDBERG SEGALLA LLP

                            Kenneth L. Bostick, Jr., Esq.
                            *Attorneys for Defendant*
                            665 Main Street
                            Buffalo, New York 14203
                            (716) 566-5400

TO:    Nicholas Di Virgilio, Esq.
        THE LAW OFFICES OF
        KENNETH HILLER, PLLC
        *Attorneys for Plaintiff*
        600 N. Bailey Avenue, Suite 1A
        Amherst, New York 14226
        (716) 564-3288

32236425.v1

MONROE COUNTY CLERK'S OFFICE         THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 2986749

Book   Page   CIVIL

Return To:                            No. Pages: 3
NICHOLAS R. DIVIRGILIO
6000 N Bailey Ave Ste 1a              Instrument: STIPULATION AMENDING CAPTION
Buffalo, NY 14226-5102

Control #:        202202110942
Index #:          E2022000117

Date: 02/11/2022

BAKER, KYLE                           Time: 3:39:51 PM


LOWE'S HOME IMPROVEMENT


Total Fees Paid:                      $0.00

                                      Employee: ARC


State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

            JAMIE ROMEO

        MONROE COUNTY CLERK

STATE OF NEW YORK
SUPREME COURT: COUNTY OF MONROE

KYLE BAKER

                                    Plaintiff,

v.

LOWE'S HOME IMPROVEMENT a/k/a
LOWE'S COMPANIES, INC.,

                                    Defendant.

**STIPULATION TO AMEND CAPTION**

Index No.: E2022000117

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned attorneys of record for the parties to the above entitled action, that whereas no party is an infant, incompetent person for whom a committee has been appointed, a conservatee, and no person not a party has an interest in the subject matter of the action, the above-captioned action is hereby amended to change the caption from LOWE'S HOME IMPROVEMENT a/k/a LOWE'S COMPANIES, INC. to LOWE'S HOME CENTERS, LLC.

**IT IS FURTHER STIPULATED AND AGREED** that the amended caption shall hereby be set forth as follows:

STATE OF NEW YORK
SUPREME COURT: COUNTY OF MONROE

KYLE BAKER

                                    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

                                    Defendant.

Index No.: E2022000117

**IT IS FURTHER STIPULATED AND AGREED** that facsimile signatures are deemed acceptable, and a photocopy may be used in place of originals for this stipulations purpose and that this stipulation may be filed with the Clerk of the Court without further notice to the parties.

This stipulation may be filed with the Clerk of the Court without further notice. A copy of this stipulation shall have full force and effect as an original.

**Dated:** February 10, 2022

    Buffalo, New York

| **THE LAW OFFICES OF**<br>**KENNETH HILLER, PLLC** | **GOLDBERG SEGALLA LLP** |
|---|---|
| Nicholas DiVirgilio, Esq.<br>*Attorneys for Plaintiff*<br>6000 North Bailey Avenue, Suite 1A<br>Amherst, New York 14226<br>716-564-3288 | Kenneth L. Bostick, Jr., Esq.<br>*Attorneys for Defendant*<br>665 Main Street<br>Buffalo, New York 14203<br>716-566-5400 |